## ZINDLER v. INFLEXIBLE CO.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

COMPROMISE AND SETTLEMENT &23(3)—PERFORMANCE—TENDER—EVIDENCE.

Where plaintiff compromised a suit against him by defendant, agreeing to take back certain goods, and he sued, alleging the goods were never returned, proof of tender of a package two years before the compromise does not show tender under the compromise.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. § 94; Dec. Dig. &23(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Zindler against the Inflexible Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Samuel Mittenthal, of New York City (Mortimer H. Israel, of Brooklyn, of counsel), for appellant.

Hartman & Levene, of New York City (Max Schleimer, of New York City, of counsel), for respondent.

PER CURIAM. This is an action in conversion to recover the value of certain merchandise belonging to the plaintiff under the compromise of a litigation had between them. It appears that in December, 1913, the defendant had commenced an action against plaintiff, which was compromised by plaintiff paying to defendant $135 and agreeing to take back certain goods, the value of which is the subject-matter of this action. The plaintiff paid the amount agreed upon, but claims that he never received the goods.

The real issue involved in this litigation is whether there has been a delivery of the goods in question, or a tender thereof to the plaintiff herein. The proof upon the part of the plaintiff is to the effect that, after repeated demands made for delivery by plaintiff, his trial counsel herein, and the attorney for the defendant in the former litigation, that delivery has been refused. The testimony upon which the defendant based its case was in the main dependent upon the evidence of one Grau, who testified to receiving from defendant a package for delivery to plaintiff, and that in November, 1911, he tendered the same to a man in plaintiff's place of business, and was told by that individual that plaintiff did not want it, and that on a subsequent occasion, about two weeks later, he again tendered this package to the plaintiff, but it was again refused, and he then took it back to the defendant.

In view of the fact that this tender was made long prior to the compromise agreement referred to, it is plainly apparent that the goods then tendered were not the goods which are the subject of this litigation. It is difficult to understand, in view of the testimony as

it stood at the close of the case, how the court could reach the judgment it did, which we think is clearly against the weight of evidence.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.